UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICARDO ANDERSON, | CASE NO. 1:14cv1597 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OF OPINION AND ORDER |
| JON WEINER, et al, | |
| DEFENDANTS. | |

Plaintiff *pro se* Ricardo Anderson brings this *in forma pauperis* 42 U.S.C. § 1983 action against the following Defendants: Bainbridge Township Police Officers Jon Weiner, W. Deblaey, K. Dreger, J. Ross, F. Chickos, C. Smith, R. Patete; South Russell Police Officers Michael Cardaman and M. Fabian; Chagrin Falls Police Officers Amber Dacek and John Gielink; Bentleyville Police Sergeant Turner; Geauga County Park District Police Officer Denise Weisbarth; and the City of Bainbridge Township Police Department.

Plaintiff alleges in the Amended Complaint that, on July 19, 2012, he "evaded the arrest" of Officer Weiner "for fear of his life and safety," and went home so that a different officer would arrest him instead. (Doc. No. 3 ["Am. Compl."] at 21.)[1] Plaintiff further alleges that Officer Weiner came to plaintiff's residence with a police dog and waited for other officers to arrive. After Officer Weiner conferred with the other officers, some of the officers surrounded the house while Officer Weiner, the police dog, and other officers entered. Plaintiff

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

attempted to crawl out of his bedroom window but went back after being ordered to do so. Thereafter, he alleges, Officer Weiner caused the police dog to attack him even though plaintiff had surrendered and posed no threat. Plaintiff also alleges Officer Geilink tased him despite his surrender, and that Officer Cardaman was accidentally tased while holding plaintiff down to be handcuffed. Seeking compensatory and punitive damages, he asserts defendants used excessive force during the course of his arrest, and brings a pendent state law claim for assault and battery against Officers Weiner and Gielink.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While plaintiff's claims against Officers Weiner and Gielink may have arguable merit, the same cannot be said regarding his claims against the other defendants. Plaintiff alleges these defendants conspired to use excessive force in his arrest, and did nothing to prevent the use of excessive force. However, the conspiracy claim is merely conclusory and thus insufficient. *See, e.g., Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Further, even assuming a duty of other officers to intervene, plaintiff does not indicate which officers were present in the bedroom during his arrest or how they might have subdued the K-9 or prevented Officer Gielink from tasing him. Finally, the City of Bainbridge Township Police

Department is not an entity capable of being sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued).

Based on the foregoing, defendants W. Deblaey, K. Dreger, J. Ross, F. Chickos, C. Smith, R. Patete, Michael Cardaman, M. Fabian,[2] Amber Dacek, Sergeant Turner, Denise Weisbarth, and the City of Bainbridge Township Police Department, and any and all claims against them, are **DISMISSED** pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith. Further, the Court will enter final judgment as to these named defendants and any and all claims against them in the amended complaint, finding, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Officers Weiner and Gielink. **A copy of this order shall be included with the documents to be served on those Defendants.**

**IT IS SO ORDERED**.

Dated: January 16, 2015

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff names "M. Fabian" twice as a defendant. If this was not a typographical error in the amended complaint, no valid claim is stated against either M. Fabian.