UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO ANDERSON, | ) | CASE NO. 1:14-cv-1597 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JON WEINER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are motions for summary judgment filed by the two remaining defendants, Jon Weiner and John Gielink. (Doc. No. 23 ["Weiner MSJ"] and Doc. No. 24 ["Gielink MSJ"], respectively.) Plaintiff has opposed both motions (Doc. No. 27 ["Opp'n to Weiner"] and Doc. No. 28 ["Opp'n to Gielink"])[1] and defendants have filed their replies (Doc. No. 30 ["Weiner Reply"] and Doc. No. 31 ["Gielink Reply"]). For the reasons set forth herein, both motions are granted and this case is dismissed.

### I. BACKGROUND

On July 18, 2014, pro se plaintiff Ricardo Anderson ("Anderson" or "plaintiff") filed this action against twelve defendants. He subsequently amended the complaint on July 31, 2014. (Doc. No. 3 (Amended Complaint ["Compl."]).)[2] Plaintiff set forth two claims: a federal claim under 42 U.S.C. § 1983 of excessive force in violation of the fourth amendment, and a

---

[1] Although plaintiff's opposition briefs were both filed after the June 15, 2015 extended deadline he sought and was granted, neither defendant has raised that issue. Therefore, the Court has considered plaintiff's briefs.

[2] On January 16, 2015, this Court dismissed the claims against all but two defendants, the movants, Jon Weiner ("Weiner") and John Gielink ("Gielink"). (*See* Doc. Nos. 4 and 5.)

state law claim of assault and battery. Both claims arose from an incident on July 19, 2012, when plaintiff was arrested and charged with assaulting Weiner, a police officer.

The gravamen of plaintiff's complaint is that, on July 19, 2012, after first evading arrest by Weiner, a Bainbridge Township police officer (Compl. ¶¶ 6, 27), he was arrested at his home by several officers, including Weiner and Gielink, who allegedly employed excessive force in the form of a K-9 officer. Plaintiff alleges that Officer Weiner "commanded the K-9 to attack the surrendering Plaintiff even though the Plaintiff posed no threat to the officers or the public." (*Id.* ¶ 40.) The K-9 bit plaintiff, causing "88 bite marks to [plaintiff's] arms and legs." (*Id.* ¶¶ 42-44.)

On August 10, 2012, plaintiff was charged in an indictment with assaulting a peace officer, a felony in the fourth degree, in violation of Ohio Rev. Code § 2903.13(A). (Weiner MSJ, Ex. A.) On March 14, 2013, plaintiff entered a plea of guilty to a lesser included offense of attempted assault, a felony of the fifth degree, in violation of Ohio Rev. Code. § 2923.02(A). (*Id.*, Ex. B.) He was sentenced to incarceration for a period of 236 days, with credit for time served. (*Id.*)

## II. DISCUSSION

A.  **Summary Judgment Standard**

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of

a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

**B.     Analysis**

Both defendants have moved for summary judgment, with respect to the Section 1983 claim, based on the bar set forth in *Heck*, and, with respect to the assault and battery claim, on the basis of the statute of limitations.

**1.     Section 1983 and the *Heck* Bar**

In *Heck*, the Supreme Court held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

Here, plaintiff pled guilty to attempted assault for the incident of July 19, 2012. "The mere fact that [a] state court criminal conviction and a Section 1983 claim arise from the same set of facts is not dispositive, and will not preclude a Section 1983 action, if the two are consistent with each other, rather than one unavoidably implying the invalidity of the other." *Lassen v. Lorain Cnty., Ohio*, No. 1:13CV1938, 2014 WL 3511010, at * 3 (N.D. Ohio July 14, 2014) (citing *Heck*, 512 U.S. at 487; *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)). "The *Heck* doctrine applies only where a Section 1983 claim would inescapably imply the invalidity of the conviction." *Id*.

"[A] claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable." *Swiecicki*, 463 F.3d at 493. There are, however, two circumstances in which an excessive force claim might conflict with a conviction: (1) when the criminal provision makes the lack of excessive force an element of the crime; and (2) when excessive force is an affirmative defense to the crime. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010). The second circumstance is implicated here.

In *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005), the court concluded that a § 1983 claim of excessive force was barred because excessive force is a defense to the charge of assault for which Cummings entered a plea of no contest. The court noted: "The struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined." *Id.* at 682-83. "Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge." *Id.* at 683.

Similarly, rather than defend against the charges brought against him, Anderson entered a plea of guilty to attempted assault, and thereby waived any right to raise a defense of excessive force.[3] As a result, he cannot bring a separate § 1983 claim of excessive force without first showing that his underlying attempted assault conviction has been called into question as described in *Heck*.

Plaintiff's argument that he is not *trying* to invalidate his conviction, but is merely trying to vindicate the "misuse of power" by the police officers, is to no avail. The fact is that a

---

[3] Ohio Rev. Code § 2923.02(A) provides, in relevant part: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In this case, to be guilty of attempted assault, Anderson would have to engage in the same "conduct that, if successful, would constitute or result in" the crime of an assault. It follows, therefore, that the defenses available for assault are equally available for attempted assault.

4

claim of excessive force by a police officer is inconsistent with a conviction for assault or attempted assault of that officer. Such a claim cannot be maintained in a separate civil action for damages once a person has been convicted of or pled guilty to the criminal offense for which excessive force would have been a defense. The conviction and/or plea waives the defense and renders no longer cognizable any constitutional claim of excessive force. *See City of Columbus v. Fraley*, 324 N.E.2d 735 (Ohio 1975), syllabus ¶ 3 ("In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows … is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances.") By pleading guilty, plaintiff essentially conceded "the absence of excessive or unnecessary force." *Hayward v. Cleveland Clinic Foundation*, 759 F. 3d 601, 609 (6th Cir. 2014) ("[I]n this Circuit, if a plaintiff asserts a claim that contradicts an element of an underlying criminal offense, or if that claim could have been asserted in criminal court as an affirmative defense, *Heck* applies to bar the § 1983 suit.").

Nor is the analysis changed by plaintiff's suggestion in his complaint that he was "surrendering" at the time the alleged excessive force was applied. The defendants have submitted evidence in the form of their incident reports to establish that plaintiff was not surrendering, but was resisting (despite warnings), at the times the K-9 officer and the tasers were deployed. Once plaintiff was handcuffed and brought under control, this legitimate force was discontinued. In the face of this evidence, plaintiff cannot simply rely upon the allegations in his complaint, but must come forward with evidence to refute the officers' evidence or at least to call it into question so as to raise it to the level of a material factual dispute. He has failed to do so, simply asserting in a conclusory fashion that he was surrendering.

Defendants are both entitled to summary judgment on plaintiff's first cause of action brought under 42 U.S.C. § 1983 claim, and the same shall be granted.

### 2. Assault/Battery and the Statute of Limitations

Under Ohio Rev. Code § 2305.111(B), "an action for assault or battery shall be brought within one year after the cause of the action accrues." The statute further provides that, except in circumstances inapplicable here, the action accrues on "[t]he date on which the alleged assault or battery occurred[.]"

Any action for assault and/or battery accrued on July 19, 2012. Plaintiff filed his complaint in this case on July 18, 2014, one year too late. He does not argue otherwise, in fact raising no argument on this point.

For this reason alone, summary judgment is appropriate and the Court need not address any other arguments raised.

Defendants are both entitled to summary judgment on plaintiff's second cause of action for assault and battery, and the same shall be granted.

### III. CONCLUSION

For the reasons set forth herein, the motions for summary judgment filed by defendant Jon Weiner (Doc. No. 23) and by defendant John Gielink (Doc. No. 24) are granted and this case will be dismissed with prejudice. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: July 28, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**